■ JILL SAVITT, by Her Guardian ad Litem, SHIRLEY SAVITT, et al., Respondents, v. EDITH LEEDS et al., Appellants.— In an action to recover damages for personal injury, loss of services and medical expenses, defendants appeal from an order of the Supreme Court, Nassau County, entered September 28, 1962, which granted plaintiffs' motion for summary judgment, and directed an assessment of damages (Rules Civ. Prac., rule 113). Order affirmed, with $10 costs and disbursements (*Gerard* v. *Inglese,* 11 A D 2d 381; *Appel* v. *Root,* 18 A D 2d 686). Beldock, P. J., Brennan, Hill and Rabin, JJ., concur; Ughetta, J., concurs, adhering, however, to the views expressed in the dissenting memorandum in *Appel* v. *Root* (18 A D 2d 686).

■ EL RENA L. SCHOELLES, Appellant, v. BERTHA L. UHLENDORF, Respondent.— In an action to impress a constructive trust upon the assets of the estate of plaintiff's deceased mother, and to compel an accounting by the defendant who received substantially all of said assets under the mother's will, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County, dated May 9, 1962, and entered in Westchester County on May 15, 1962, which granted defendant's motion to dismiss the complaint on the ground that an existing decree of the Surrogate's Court, Nassau County, dated February 18, 1957, rendered on the merits, had determined adversely to the plaintiff the cause of action pleaded in the complaint (Rules Civ. Prac., rule 107, subd. 4). Order and judgment affirmed, with one bill of $10 costs and disbursements. In this action, the plaintiff seeks to impose a constructive trust upon property which the defendant (her sister) received under the will of their mother. The gravamen of the action is the fraud and undue influence allegedly practiced on the testatrix by defendant and her attorney. Such fraud and undue influence, however, also had been urged by plaintiff in her objections to the probate of the will; and these objections were struck out upon plaintiff's failure to proceed with her proof, and the will was duly admitted to probate. Such action by the Surrogate was affirmed on the ensuing appeal to this court (*Matter of Ludlam,* 5 A D 2d 687). Accordingly, the Surrogate's determination is conclusive upon the parties, and his decree admitting the will to probate is a bar to this action (*Matter of Rogers,* 168 Misc. 633). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur. [34 Misc 2d 738.]